Corrigan, C.J.
I concur in the result and reasoning of the majority opinion. I write to emphasize that the intervening defendant retains a direct remedy, the ini *367 tiative process. Under our state constitution, this remedy is available even when the Legislature has made an appropriation to a state institution.
I also wish to emphasize that the Legislature’s subjective motivation for making a $1,000,000 appropriation in 2000 PA 381 — assuming one can be accurately identified[1] — is irrelevant. Intervening defendant contends that despite the appropriation in 2000 PA 381 and the plain language of Const 1963, art 2, § 9, the act is subject to the referendum process because the “purpose” of the appropriation, as purportedly revealed by the legislative history, was to evade a referendum. This argument is misplaced. This Court has repeatedly held that courts must not be concerned with the alleged motives of a legislative body in enacting a law, but only with the end result — the actual language of the legislation. See Kuhn v Dep’t of Treasury, 384 Mich 378, 383-384; 183 NW2d 796 (1971); C F Smith Co v Fitzgerald, 270 Mich 659, 681; 259 NW 352 (1935); People v Gibbs, 186 Mich 127, 134-135; 152 NW 1053 (1915).
Our cases follow Justice Cooley’s powerful exposition of this doctrine in his seminal work on constitutional law. It is as persuasive to us as it was to our predecessors:
The validity of legislation can never be made to depend on the motives which have secured its adoption, whether *368 these be public or personal, honest or corrupt. There is ample reason for this in the fact that the people have set no authority over the legislators with jurisdiction to inquire into their conduct, and to judge what have been their purposes in the pretended discharge of the legislative trust. This is a jurisdiction which they have reserved to themselves exclusively, and they have appointed frequent elections as the occasions and the means for bringing these agents to account. A further reason is, that to make legislation depend upon motives would render all statute law uncertain, and the rule which should allow it could not logically stop short of permitting a similar inquiry into the motives of those who passed judgment. Therefore the courts do not permit a question of improper legislative motives to be raised, but they will in every instance assume that the motives were public and befitting the station. They will also assume that the legislature had before it any evidence necessary to enable it to take the action it did take. [Cooley, Constitutional Law, pp 154-155.]

 The parties and amicus curiae have asserted contradictory positions regarding the legislative motive for the appropriation in 2000 PA 381. It is a dubious proposition to suggest that a legislative body comprised of individual persons can have a single motivation for enacting any piece of legislation. Even assuming that such a motive could be ascertained, there is no testimonial record in this original action. Accordingly, we have no means by which to decide these disputed claims regarding legislative motivation.